UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHRIS MARTINEZ and GLORIA MARTINEZ,

    Plaintiffs,

  v.

WORLD SAVINGS INC. dba WORLD SAVINGS BANK, FSB; WELLS FARGO BANK, N.A.; WACHOVIA MORTGAGE CORPORATION; RON BROWN AND ASSOCIATES; and DOES 1 through 50, inclusive,

    Defendants.

No. 2:10-cv-02780-MCE-KJM

ORDER

Plaintiffs originally filed this action in Sacramento County Superior Court alleging fraud, deceit, and negligence in connection with refinancing their home.  On October 13, 2010, Defendants removed to this Court on the basis of federal question jurisdiction.  Specifically, jurisdiction was based on Plaintiffs' eleventh and twelfth causes of action in the original complaint which alleged violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA").

1

On October 8, 2010, Defendants moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. Plaintiffs did not file a timely opposition to the motion to dismiss. As a result, the Court dismissed Plaintiffs' Complaint with leave to amend. Plaintiffs subsequently filed a First Amended Complaint ("FAC"), which did not include the TILA and RESPA claims, or any other federal causes of action. Defendant now moves to dismiss the FAC for failure to state a claim. (ECF No. 17.)

Without considering the merits of Defendants' motion, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims, and remands the case to state court. A court may decline to exercise supplemental jurisdiction when all claims over which the court had original jurisdiction have been eliminated.[1]  28 U.S.C. 1367(c)(3); Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997). Further, when all such claims have been eliminated, the Court is duty-bound to sua sponte consider whether to exercise its discretion to decline or retain supplemental jurisdiction over state law claims. Acri, 114 F.3d at 101. A court should consider values of economy, convenience, fairness, and comity. Id. at 1001.

///

---

[1] Because jurisdiction for purposes of removal is analyzed on the basis of the pleadings filed at the time of removal, Plaintiffs cannot compel remand by filing an amended complaint eliminating federal claims. Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). However, the Court retains discretion to decline to exercise supplemental jurisdiction. City of Chicago v. International College of Surgeons, 522 U.S. 156, 158 (1997); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988).

1  Where all federal claims are dismissed before trial, courts
2  should not normally exercise supplemental jurisdiction.  Id. at
3  1000.
4        In the instant case, the FAC alleges only claims based on
5  state law.  At this early stage of litigation, the Court declines
6  to exercise supplemental jurisdiction over the state law claims.
7        Based on the foregoing, the instant action is REMANDED to
8  the Superior Court of California, County of Sacramento, pursuant
9  to 28 U.S.C. § 1447(c).  The Clerk is ordered to close the case.
10       IT IS SO ORDERED.

Dated: February 14, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3